UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

   Randall E. Gentry,                       Case No. 8:11-bk-03796-CED
                                                                    Chapter 7

        Debtor.
_____/

**MEMORANDUM OPINION ON TRUSTEE'S OBJECTION TO EXEMPTION
AND DEBTOR'S OBJECTION TO TRUSTEE'S NOTICE OF INTENT TO SELL**

      In order to qualify for the Florida homestead exemption, a debtor must reside in Florida and intend to make his home his permanent residence. In this case, the Chapter 7 trustee ("Trustee") objected to the Debtor's claim of homestead exemption because the Debtor's Statement of Intention filed on the petition date stated that the Debtor intended to surrender his residence to the mortgagee. The Statement of Intention is, by itself, insufficient to establish a lack of intent to continue residing at the property. Therefore, the Court overrules the Trustee's objection to the Debtor's claim of exemption and sustains the Debtor's objection to the Trustee's attempt to sell the homestead property.

Background

      On March 1, 2011, the Debtor filed a Chapter 7 bankruptcy petition, and on March 16, 2011, filed his bankruptcy schedules and statement of financial affairs (Doc. No. 11). On Schedule C, the Debtor did not claim his residence (the "Property") as exempt.[1] In his Statement of Intention (Doc. No. 12), the Debtor indicated his intent to surrender the Property to the mortgagee. Thereafter, the Trustee filed a Report and Notice of Intention to Sell the Property (Doc. No. 33) (the "Notice of Intent to Sell"). The Debtor filed an objection (Doc. No. 38) to the Notice of Intent to Sell, together with an amended Schedule C (Doc. No. 36), claiming the Property exempt pursuant to Article X,

---

[1] Schedule C of the Official Forms lists the real and personal property which a debtor claims as exempt.

§ 4(a)(1) of the Florida Constitution, and an amended Statement of Intention (Doc. No. 48), indicating his intent to retain—not surrender—the Property.

The Trustee objected to the Debtor's amended claim of exemption (Doc. No. 50) on the grounds that the Debtor, having indicated his intent to surrender the Property on the petition date, was not eligible for the Florida homestead exemption as of that date. The Court scheduled a hearing on the Trustee's objection and on the Debtor's objection to the Notice of Intent to Sell for July 27, 2011. At that hearing, the Debtor's attorney proffered the Debtor's testimony that he intended to reside in the home permanently, or until such time as the mortgagee foreclosed on the Property. The Debtor argued that he intended to continue residing at the Property on a permanent basis, and that his Statement of Intention to surrender the Property to the mortgagee did not render him incapable, as a matter of law, from intending to reside permanently at the Property. The Debtor argued that the official form Statement of Intention requires debtors to choose one of three options relating to debts that are secured by property of the estate: redemption, reaffirmation, or surrender. Given the Debtor's financial inability either to redeem the Property (i.e., pay the present fair market value of the Property in one single payment), or reaffirm the mortgage debt on the Property, he chose the only remaining option, to surrender the Property.

After considering the arguments of counsel, the Court continued the hearing to August 24, 2011, and provided the parties with the opportunity to submit legal authorities in support of their positions. The parties filed Notices of Legal Authorities (Doc. Nos. 64, 65, 66, and 67). The Court announced its ruling at the August 24, 2011 hearing (Transcript, Doc. No. 89, p. 17, lines 18-21) and reserved the right to supplement its order with a written opinion (Transcript, Doc. No. 89, p. 18, lines 7-12).

On September 2, 2011, the Court entered an order sustaining the Debtor's objection to the Notice of Intent to Sell (Doc. No. 69), but has yet to enter an order explicitly overruling the Trustee's objection to the Debtor's claim of exemption. The Trustee timely filed a notice of appeal of the Court's order sustaining the Debtor's objection to the Notice of Intent to Sell (Doc. No. 73). The fact that an appeal has been taken on this matter does not divest the Court of the ability to enter an opinion memorializing its ruling and amplifying its views. *See Silverthorne v Laird*, 460 F.2d 1175, 1178-79 (5th Cir. 1972).

### Jurisdiction & Burden of Proof

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Because this matter involves an objection to a claim of exemption, the Trustee bears the burden of proving that the exemption was not properly claimed. *See* Rule 4003(c) of the Federal Rules of Bankruptcy Procedure.

### Discussion

To claim property as an exempt homestead under Florida law, the debtor must maintain a residence at the property and possess an actual intent to reside at that property on a permanent basis. *In re Fodor*, 339 B.R. 519, 521 (Bankr. M.D. Fla. 2006); *In re Brown*, 165 B.R. 512, 514 (Bankr. M.D. Fla. 1994) (noting that under Florida law, a homestead is established when there is actual intent to live permanently in a place coupled with actual use and occupancy). In bankruptcy cases, the relevant date for determining a proper claim of exemption is the petition date. *Fodor*, 339 B.R. at 521. In the case of amended claims of exemption, the amendment relates back to, and is effective as of, the petition date. *In re Bennett*, 395 B.R. 781, 786 (Bankr. M.D. Fla. 2008). Rule 1009(a) of the Federal Rules of Bankruptcy Procedure permits a debtor to amend a schedule or statement as a matter of course at any time before the bankruptcy case is closed, and bankruptcy courts may not

deny a debtor's right to amend absent a showing of bad faith by the debtor or prejudice to creditors. *See In re Doan*, 672 F.2d 831, 833 (11th Cir. 1982).

Although the Trustee does not disagree with the foregoing points of law and has implicitly conceded that the Debtor's amended Schedule C and its corresponding homestead exemption claim relate back to the petition date, the Trustee contends that the Debtor was legally incapable of possessing the requisite intent to remain permanently at the Property based on his stated intention to surrender the Property. As a result, the Trustee argues that the Debtor is not eligible for the homestead exemption and that his amended claim of exemption is ineffective.

Individual Chapter 7 debtors must file a statement of intention concerning debts that are secured by property of the estate. 11 U.S.C. § 521(a)(2)(A). Here, the Debtor scheduled a mortgage debt that was secured by the Property. Accordingly, the Debtor had the option of redeeming the Property, reaffirming the debt on the Property, or surrendering the Property to the mortgagee. Based on his financial inability to elect either of the first two options, the Debtor elected to "surrender" the Property. However, neither the Debtor's stated intention to surrender the Property, nor the form Statement of Intention as a whole, impacts the Debtor's ability to exempt certain property. The purpose of the Statement of Intention is to provide notice to the secured creditor of the debtor's intent regarding the creditor's collateral. *See In re Rodale*, Case No. 3:10-bk-6845-PMG (Doc. No. 42, p. 11). The statement is directed to the creditors and "has no effect on whether the homestead is property of the estate. Neither the Statement of Intention nor any subsequent actions by the debtor to perform the intention bind the trustee in the administration of the estate." *Id.* at p. 12. A Chapter 7 trustee cannot infer a debtor's purported lack of intent—for homestead purposes—from the Statement of Intention. Indeed, in this economy, it is, unfortunately, all too common for individuals, particularly debtors in bankruptcy, to face prospects of foreclosure

on their homes. However, the fact that such individuals may ultimately lose their homes to foreclosure does not alter the current status of their homes as homestead property, or otherwise disqualify them from having an intent to reside permanently at their homes.

The Debtor's proffered testimony that he intended to reside at the Property indefinitely is, under the circumstances of this case, the equivalent of permanently. *See In re Wilbur*, 206 B.R. 1002, 1007 (Bankr. M.D. Fla. 1997) (rejecting trustee's contention that debtor had no intention to reside permanently at house based on debtor's eventual plan to sell the house, as debtor had testified that his intent when he moved into house was to reside there indefinitely); *Engel v. Engel*, 97 So. 2d 140, 142 (Fla. 2d DCA 1957) (stating that "permanency" in the context of homestead protection does not mean "to forever remain in a given place of abode, eternally" but rather "to reside at that particular place for an indefinite period of time").

The Florida Supreme Court has repeatedly instructed that Florida's constitutional homestead exemption be liberally interpreted. *See Butterworth v. Caggiano*, 605 So. 2d 56, 58 (Fla. 1992) ("Florida courts have consistently held that the homestead exemption in article X, section 4 must be liberally construed"); *Quigley v. Kennedy & Ely Ins., Inc.*, 207 So. 2d 431, 432 (Fla. 1968). Moreover, any exceptions to a claim of homestead are strictly construed in favor of the debtor and against the challenger. *In re Prestwood*, 322 B.R. 463, 469 (Bankr. S.D. Fla. 2005); *In re Ehnle*, 124 B.R. 361, 363 (Bankr. M.D. Fla. 1991) ("all exceptions to the exemptions should be strictly construed in favor of the claim and against the challenger of the claim of exemptions").

Once property acquires homestead status, the debtor must affirmatively act to abandon the homestead. *See Barlow v. Barlow*, 23 So. 2d 723 (Fla. 1945). In *Barlow*, the court stated that a homestead can be waived by abandonment or alienation in the manner provided by law. *Id.* at 724. The court found that abandonment would occur where the owner removes himself from the home

without intending to return, takes up a permanent abode at another place, and pursues his livelihood there. *Id.* In this case, the Debtor has neither abandoned nor alienated the Property, and, as discussed above, the Trustee may not infer an intention to abandon the homestead from the Statement of Intention alone.

## Conclusion

The Trustee has not met her burden of proof. The Debtor's initial Statement of Intention, which indicated the Debtor's intent to surrender the Property to the mortgagee, does not preclude the Debtor from contending that he intended to continue to reside at the Property indefinitely. Given the Debtor's proffer of his intent, and Florida's liberal interpretation of the homestead exemption, the Court concludes that the Debtor has properly claimed the homestead exemption on the Property. As the Property is exempt, the Trustee may not sell it. Accordingly, the Court shall enter an order overruling the Trustee's objection to the Debtor's claim of exemption and has previously entered its Order Sustaining Objection to Chapter 7 Trustee's Report and Notice of Intention to Sell (Doc. No. 69).

DONE AND ORDERED on _____.   November 15, 2011

BY THE COURT

_____
Caryl E. Delano
United States Bankruptcy Judge